IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Molly J. Boren, ) | Civil Action No. 2:16-0841-PMD-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| IFA Rotorion-N America LLC; and ) | |
| Management Analysis & Utilization, Inc., ) | |
| a/k/a MAU Staffing and Recruiting, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

 This action has been filed by the Plaintiff asserting claims under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. In her Amended Complaint, Plaintiff alleges that the Defendant Management Analysis & Utilization, Inc. ("MAU"), a staffing agency, placed Plaintiff with the Defendant IFA-Rotorion-North America LLC ("IFA"), where Plaintiff alleges both Defendants were her joint employers for purposes of this action. The Amended Complaint contains allegations against employees of both MAU and IFA. See Court Docket No. 43.

 The Defendant IFA has filed a Second Amended Answer in which it asserts crossclaims against Defendant MAU for contract indemnification and breach of contract. Both crossclaims center around an indemnification agreement between MAU and IFA, which states



as follows in the relevant section,

> [MAU] agrees to release [IFA] from and to hold harmless and, upon request, defendant [IFA] from and against any and all claims, suits, actions, or legal proceedings brought against [IFA], its affiliates, and its officers, directors, associates and representatives, seeking to recover any loss, damage or injury to person (including death) or property, whether brought by a federal, state or local governmental agency, or any other person caused by or arising out of [MAU's] failure to comply with applicable federal, state, or local laws, rules and regulations in connection with the services provided under this Agreement. [MAU] shall not indemnify or hold harmless [IFA] to the extent that any such claims, suits, actions, or legal proceedings brought against [IFA] arises out of or results from the willful, negligent or illegal acts or omissions of [IFA], its associates or agents or any other third party contracted by [IFA] (excluding MAU).
>
> In its performance of this agreement, [IFA] shall comply with all applicable federal, state and local laws including but not limited to the provisions of the Fair Labor Standards Act and the Occupational Safety and Health Act and shall be liable for any losses, damages, costs and expenses to the extent they arise out of [MAU's] non-compliance with such laws. [IFA] shall indemnify and hold harmless [MAU] from and against any claims demands, suits, losses, damages, costs and expenses to the extent that they arise out of any non-compliance violation or alleged non-compliance thereof by [IFA].

See MAU's Exhibit One.

IFA contends that this provision entitles it to a contractual indemnification from MAU for Plaintiff's claims, and that MAU has also breached the agreement by allegedly failing to comply with the ADA in the context of its employment relationship with the Plaintiff.

MAU has filed a motion to dismiss IFA's crossclaims for breach of contract and contractual indemnification pursuant to Rule 12(b)(6), Fed.R.Civ.P. MAU argues in its motion that Plaintiff has alleged that IFA itself directly discriminated against her in violation of the ADA, and that IFA's attempt to seek indemnity from MAU for claims that IFA violated the ADA is barred as a matter of public policy because IFA is attempting to hold MAU accountable



for discrimination committed by IFA. However, IFA represents in its brief that it "is only seeking indemnity for any liability to Plaintiff because of the acts and/or omissions of MAU - IFA - Rotorion is not attempting to escape responsibility for its own actions." See IFA Memorandum in Opposition to MAU's Motion to Dismiss Amended Cross-Claims, pp. 1-2. IFA argues that, through its crossclaims, it is only seeking a *defense* to the extent it may be found liable for ADA violations committed by *MAU employees*, exactly what the indemnification agreement is designed to cover. It is not attempting to use the indemnification provision to shield itself from its own misconduct. Indeed, IFA concedes it cannot obtain any such relief. Cf. EEOC v. Blockbuster, Inc., No. 07-2612, 2010 WL 290952 at * 4 (D.Md. Jan. 14, 2010)[A company cannot "contract around its obligations and shift its entire responsibility for complying with Title VII."].

        MAU has responded to IFA's assertion by stating that it does not read Plaintiff's Amended Complaint as an attempt by Plaintiff to hold IFA liable for the alleged conduct of MAU and its employees. Rather, MAU contends that the Plaintiff is only seeking to hold IFA liable for the acts of its own employees. See MAU Reply, pp. 1-2. Therefore, it appears that both Defendants are in agreement that IFA should not be held liable for the acts of MAU's employees, but would remain liable for the acts of its own employees. This is a viable theory of liability under the applicable caselaw. EEOC v. Blockbuster, Inc., 2010 WL 290952 at * 4; see also Thurmond v. Drive Auto. Indust. Of Am., Inc., 974 F.Supp.2d 900, 902-903 (D.S.C. 2013)[Dismissing third party complaint for contractual indemnity where Plaintiff's complaint only contained allegations against the Defendant based on the Defendant condoning a hostile work environment and retaliating against the Plaintiff, not based on the Third Party Defendant's



actions].

Accordingly, the undersigned agrees that, to the extent IFA is found liable based upon the acts of its own employees, any cross-claim by IFA for indemnification from MAU for such conduct is subject to dismissal. Even so, MAU is not entitled to dismissal of IFA's crossclaims in their entirety, as it cannot be definitively determined whether IFA may be found liable for acts of MAU's employees under some legal theory at this early stage of the proceedings. See e.g., Gibbs-Alfano v. Burton, 281 F.3d 12, 21-22 (2d Cir. 2002)[Where no intentional discrimination was alleged against the party seeking to enforce the indemnification clause]; Varnell, Struck & Assocs., Inc. v. Lowe's Co., Nos. 06-68, 07-104, 2008 WL 1820830 at ** 9-11 (W.D.N.C. Apr. 21, 2008)[Allowing indemnification claim to proceed where allegations included that Lowes was complicit of violations of the FSLA and was also a co-employer]; see also Thurmond, 974 F.Supp.2d at 902-903 [distinguishing cases where both parties to the contract are sued]. Therefore, dismissal of the crossclaims in their entirety would be premature at this point.

### Conclusion

Based on the foregoing, it is recommended that MAU's motion to dismiss IFA's crossclaims be **granted, in part**, and **denied, in part**, as set forth above. IFA should not be allowed to seek indemnification from MAU or allege any breach of contract by MAU for any intentional discriminatory actions or conduct of employees of IFA. However, in all other respects, MAU's motion to dismiss IFA's crossclaims should be denied.



The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

December 1, 2016
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

